

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

RC/2010R00025

*970 Broad Street, Suite 700*
*Newark, NJ 07102*

*973/645-2700*

April 9, 2010

**VIA FIRST-CLASS MAIL AND ELECTRONIC MAIL**
Amy Lefkowitz, Esquire
Law Offices of Curt J. Geisler, LLC
215 Lanza Avenue
Garfield, NJ 07026

    Re:  <u>Plea Agreement With Angela DeVarso</u>

Dear Ms. Lefkowitz:

    This letter sets forth the plea agreement between your client, ANGELA DEVARSO, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from ANGELA DEVARSO to a one-count Information, Criminal No. ___ - ___, which charges travel fraud, in violation of 18 U.S.C. § 2314. If ANGELA DEVARSO enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ANGELA DEVARSO for the theft, sale, and transportation of medical devices from Saint Joseph's Regional Medical Center of Paterson, New Jersey between in or about July 2008 and in or about October 2009. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ANGELA DEVARSO may be commenced against her, notwithstanding the expiration of the limitations period after ANGELA DEVARSO signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2314 to which ANGELA DEVARSO agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon ANGELA DEVARSO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence ANGELA DEVARSO ultimately will receive.

Further, in addition to imposing any other penalty on ANGELA DEVARSO, the sentencing judge: (1) will order ANGELA DEVARSO to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order ANGELA DEVARSO to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order ANGELA DEVARSO, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense;(5) pursuant to 18 U.S.C. § 3583, may require ANGELA DEVARSO to serve a term of supervised release of not more than 2 or at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ANGELA DEVARSO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ANGELA DEVARSO may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, ANGELA DEVARSO agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to Saint Joseph's Regional Medical Center in the amount of $302,829.66.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to ANGELA DEVARSO and her commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ANGELA DEVARSO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ANGELA DEVARSO's activities and relevant conduct with respect to this case.

Stipulations

This Office and ANGELA DEVARSO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not

binding shall not release either this Office or ANGELA DEVARSO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and ANGELA DEVARSO waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

The defendant understands that she is bound by her guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from her counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on those consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on the immigration consequences of her guilty plea, conviction, or sentence.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ANGELA DEVARSO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against ANGELA DEVARSO.

Prior to the date of sentencing, ANGELA DEVARSO shall: (1) file accurate amended personal returns for calendar years 2008 and 2009; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, ANGELA DEVARSO agrees to allow the contents of her IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by ANGELA DEVARSO. With respect to disclosure of the criminal file to the Internal Revenue Service, ANGELA DEVARSO waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to ANGELA DEVARSO's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between ANGELA DEVARSO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: RONALD CHILLEMI
Assistant U.S. Attorney

APPROVED:

MICHAEL A. HAMMER, JR., Acting Deputy Chief, Criminal Division

I have received this letter from my attorney, Amy Lefkowitz, Esquire, I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____     Date: 4/27/10
ANGELA DEVARSO

_____     Date: 4/27/10
AMY LEFKOWITZ, ESQUIRE

<u>Plea Agreement With ANGELA DEVARSO</u>

<u>Schedule A</u>

1. This Office and ANGELA DEVARSO recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and ANGELA DEVARSO nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence ANGELA DEVARSO within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and ANGELA DEVARSO further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. For this offense, this guideline carries a Base Offense Level of 6.

3. Specific Offense Characteristic § 2B1.1(b)(1)(G) applies because the amount exceeded $200,000 but was less than $400,000. This Specific Offense Characteristic results in an increase of 12 levels.

4. Specific Offense Characteristic § 2B1.1(b)(4) applies because the amount the offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property. This Specific Offense Characteristic results in an increase of 2 levels.

5. As of the date of this letter, ANGELA DEVARSO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if ANGELA DEVARSO's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, ANGELA DEVARSO has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If ANGELA DEVARSO enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition ANGELA DEVARSO's offense

level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, ANGELA DEVARSO will be entitled to a further 1-point reduction in her offense level pursuant to U.S.S.G. § 3E1.1(b).

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to ANGELA DEVARSO is 17 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 17 is reasonable.

9. ANGELA DEVARSO knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.